NOT DESIGNATED FOR PUBLICATION

No. 128,875

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CRISTIAN NEAVE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW M. STEIN, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

*Derek W. Miller*, of Miller & Wright, LLC, of Liberal, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., CLINE, J., and CAREY L. HIPP, District Judge, assigned.

PICKERING, J.: Cristian Neave pleaded guilty to one count of aggravated battery. In exchange for his plea, the State agreed it would "not oppose" a nonprison sanction. When asked at sentencing for its recommendation, the State replied, "[T]he State is asking for the standard sentence. Standing mute." Neave did not object, and the district court sentenced Neave to prison. Neave challenged the plea agreement on direct appeal, but the issue was not considered due to lack of preservation. *State v. Neave*, No. 126,799, 2024 WL 3912897, at *1 (Kan. App. 2024) (unpublished opinion).

1

Following his direct appeal, Neave moved to withdraw or enforce the plea agreement in district court, alleging the State violated the plea agreement when it stood silent instead of not opposing. The district court denied Neave's motion, and Neave appeals. We affirm the district court's ruling.

FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of Neave's crime are unnecessary to resolve Neave's current appeal. A full recitation of the facts is fully set forth in Neave's direct appeal. 2024 WL 3912897, at *1.

At arraignment, as part of a plea agreement, Neave agreed to plead to one count of aggravated battery, a severity level 5 person felony. The State advised the district court that, based on Neave's expected criminal history, Neave would likely be sentenced in a border box "and the State will not oppose a non-prison option sentence, and will ask the mid-box—mid-box sentence for an underlying." No written plea agreement was filed.

Neave pled no contest to aggravated battery. He later filed a motion for border box findings, arguing: (1) An appropriate treatment program existed for him; and (2) the nonprison sanction would serve community safety interests by promoting offender reformation.

At sentencing, neither the State nor Neave restated the plea agreement's terms. The district court found that Neave had a criminal history score of H. Nonetheless, Neave's sentence still fell within a border box. Neave requested border box findings and probation for three reasons: (1) He was willing and eager to repay damages and restitution; (2) he had a limited criminal history; and (3) he had performed well on bond.

2

The district court asked the State's position on border box findings, and the State replied: "Your Honor, the State is asking for the standard sentence. Standing mute." Neave did not object to the State's position or request that the district court enforce the plea agreement.

After reviewing a victim impact statement and hearing from Neave, the district court found prison appropriate because Neave's recklessness resulted in great harm. The district court denied Neave's motion for border box findings and sentenced him to 36 months' imprisonment.

On direct appeal, Neave argued for the first time that the State breached the plea agreement. A panel of this court dismissed Neave's direct appeal without reaching the merits because Neave raised the argument for the first time on appeal and failed to assert a preservation exception applied. 2024 WL 3912897, at *2. The mandate issued on October 9, 2024.

A month later, Neave moved to enforce or withdraw his plea. The same judge presided over Neave's plea hearing, sentencing, and hearing to enforce or withdraw plea. At the hearing to enforce or withdraw plea, Neave asserted that his counsel and the State had "entered into a contract where they agreed . . . that [Neave] will get probation." He asserted the State should have responded to the district court's sentencing inquiry by stating that it did not oppose a nonprison sentence instead of simply standing mute. In contrast, the State argued it agreed "not to say or do anything in opposition to the Defendant's receiving a non-prison option sentence" which is "precisely what the State did."

The district court found that "standing mute is not different than not opposing." It explained: "It seems that what defense counsel is attempting to equate is the State joining in a recommendation to not opposing a recommendation. And, I think that is the custom

of this Court and other Courts, generally, that those two are separate things." The district court noted that its research found little caselaw on this issue. Despite this, the district court noted that, in *State v. Burrow*, No. 120,642, 2019 WL 4892056, at *1 (Kan. App. 2019) (unpublished opinion), the panel equated standing mute with not opposing a particular sentence but noted that the language in *Burrow* occurred in the factual background and was likely dicta. The district court found that the State did not violate the plea agreement by electing to stand mute instead of "saying the specific words that the State was not opposing any request for a non-prison sanction" and denied Neave's motion.

Neave appealed.

ANALYSIS

*The District Court Did Not Err in Finding the State Did Not Violate the Plea Agreement*

*Standard of review*

Whether the State breached a plea agreement presents a question of law over which appellate courts have unlimited review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015). Additionally, appellate courts review a district court's decision to deny a motion to withdraw a guilty or no contest plea after sentencing for an abuse of discretion. A district court abuses its discretion if it makes an error of fact or law or its decision is unreasonable. *State v. Shields*, 315 Kan. 131, 139, 504 P.3d 1061 (2022). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). Accordingly, an appellate review is two-fold:  (1) Whether the State breached the plea agreement is reviewed de novo; and (2) if the State breached the agreement, we review whether the district court should have

4

permitted enforcement or withdrawal of the plea for an abuse of discretion. See *State v. Woodward*, 288 Kan. 297, 300, 202 P.3d 15 (2009).

> *The district court had jurisdiction to enforce the plea agreement or allow Neave to withdraw his plea.*

The State alleges that the district court lacked jurisdiction "to consider a motion to enforce plea made after the completion of sentencing, where no objection was made at the time of sentencing, and after a direct appeal found that the issue was unpreserved." The State contends that Neave does not show any statutory authority allowing Neave to move to enforce a plea agreement after sentencing has occurred. Neave did not file a reply brief in response to the State's arguments.

We find that the district court did have jurisdiction to consider Neave's argument. Neave's challenge to the State's role in fulfilling its plea agreement duties falls under K.S.A. 22-3210(d)(2) and (e)(1). K.S.A. 22-3210(d)(2) provides: "To correct manifest injustice the court *after sentence* may set aside the judgment of conviction and permit the defendant to withdraw the plea." (Emphasis added.) Under K.S.A. 22-3210(e)(1): "Any action under subsection (d)(2) must be brought within one year of: (A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction."

Here, another panel of this court dismissed his appeal, and the clerk of the appellate courts issued the mandate on October 9, 2024. Neave did not indicate that he was filing a petition for review, a motion for rehearing, or a notice of intent to file a petition for a writ of certiorari. Neave filed a motion to withdraw the plea under K.S.A. 22-3210(e)(1) in November 2024, which was within the one year, October 8, 2025 filing deadline. Therefore, we have jurisdiction to consider Neave's motion.

5

*Neave requests two contradictory remedies.*

We agree with the State that Neave's argument is "confused and contradictory" because he argues for one remedy—to be allowed to withdraw his plea—but then ultimately asks for another—for his plea to be enforced. But Neave did not preserve his request for his plea to be enforced through an objection at his plea hearing, nor did he ask the district court to enforce his plea.

After he was sentenced, Neave appealed that sentence to our court for the same reason he appeals it now—he claimed the State violated the terms of the plea agreement by remaining silent at the time of sentencing. *Neave*, 2024 WL 3912897, at *1. As noted above, we dismissed his appeal as unpreserved because he did not object to the State's alleged breach at the plea hearing or move to withdraw his plea. 2024 WL 3912897, at *2. After the mandate issued, Neave filed a document entitled "Motion to Enforce or Withdraw Plea Agreement." But in that motion, the only argument he made was that he should be allowed to withdraw his plea because he claimed the State breached the plea agreement. And the only relief he requested was that his plea "should be withdrawn for manifest injustice" because it "was not understandingly made." At the hearing on his motion, the only remedy he argued for was to be allowed to withdraw his plea. We do not find simply titling his motion to include the alternative remedy of plea enforcement preserved a request to enforce his plea or sufficiently advocated for that remedy before the district court.

Moreover, Neave described his lone issue in this appeal as:

"Whether the Appellant should have been allowed to withdraw his plea when the State violated the terms of the plea agreement when the prosecutor informed the court that she was 'standing mute' at the sentencing hearing when she had previously agreed to 'not oppose' a non-prison sentence at the arraignment?"

6

And in his statement of facts, he recounted that he "timely filed a motion to withdraw his plea, which was denied." The only argument he makes in this appeal is whether he should be allowed to withdraw his plea because he claims the State breached its obligation under the plea agreement to support the sentencing recommendation. Yet, inexplicably, after arguing he should be allowed to withdraw his plea, he asks us to "remand this case back for sentencing with an Order to the prosecutor that she use the precise language at sentencing that she agreed to use as part of the plea agreement." Again, we would not find Neave established he is entitled to a remand for enforcement of his plea when he only argued that he should be allowed to withdraw it.

*Neave fails to properly brief manifest injustice.*

Finally, we agree with the State that Neave fails to address whether he has shown manifest injustice. Outside of slightly modifying the statement of facts and the issue statement, Neave has submitted the same brief that was filed in his direct appeal. In light of Neave filing an appeal as allowed under K.S.A. 22-3210(d)(2), Neave should have presented arguments in support of this court finding manifest injustice. While he does argue how the State violated the plea agreement and that the case should be remanded for resentencing—the same argument presented in his earlier appellate brief—Neave does not present arguments in support of setting aside the plea in order "[t]o correct manifest injustice." K.S.A. 22-3210(d)(2); *Hutto*, 313 Kan. at 745. Without those arguments, we are unable to consider this issue. See *State v. Logsdon*, 304 Kan. 3, 29, 371 P.3d 836 (2016) ("[A] failure to adequately brief an issue results in abandonment or waiver."). Thus, we hold that Neave has waived any argument regarding why this case rises to the level of manifest injustice. Accordingly, we need not reach whether the State breached the plea agreement when it "stood mute" instead of stating that it did not oppose probation.

Affirmed.